UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHA LANSER and DENNY LANSER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MGM MIRAGE d/b/a Excalibur Hotel )<br>and Casino, )<br>)<br>Defendant. ) | No. 4:09CV877-DJS |

### ORDER

Plaintiffs Marsha Lanser and Denny Lanser, residents of High Ridge, Missouri, bring the instant action seeking damages for injuries allegedly sustained by Marsha in a slip-and-fall accident in plaintiffs' hotel room at defendant's Excalibur Hotel and Casino in Las Vegas, Nevada. Count I is Marsha's claim of negligence, and Count II is Denny's claim for loss of consortium. Now before the Court is defendant MGM Mirage's motion to dismiss for improper venue or, in the alternative, to transfer.

The standards applicable to venue in this diversity action are found in 28 U.S.C. §1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

> defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendant contends that §1391(a)(1) cannot support venue in this forum as defendant does not reside in this district, and that therefore §1391(a)(2) applies, yielding the conclusion that venue is proper only in the judicial district encompassing Las Vegas. Accordingly, movant asserts that the plain application of the venue statute indicates that venue properly lies in the United States District Court for the District of Nevada.

In opposition, plaintiffs argue that defendant does "reside" in the Eastern District of Missouri in view of §1391(c)'s provision that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Plaintiffs contend that defendant conceded that it was subject to this Court's personal jurisdiction by failing to challenge the same by motion or answer, and that in any event Missouri's long-arm statute supports personal jurisdiction over defendant in view of the hotel reservation Denny Lanser made from his High Ridge, Missouri home via defendant's website. The Court finds both contentions unpersuasive.

A number of courts have considered whether a defendant's failure to challenge personal jurisdiction results in "venue by default" pursuant to §1391(c), and the question has been aptly described as "an interesting tension in the law." S.L. Sakansky &

2

Associates, Inc. v. Allied American Adjusting Company of Florida, LLC, 2006 WL 948055, *2 n.3 (M.D.Fla. 2006). While some courts have resolved the issue as plaintiffs here would,[1] the Court finds better reasoned those analyses finding such a conclusion at odds with §1391(c)'s language requiring personal jurisdiction to exist "at the time the action is commenced." See, e.g., Fractional Villas, Inc. v. Tahoe Clubhouse, 2009 WL 465997, *4 (S.D.Cal. 2009) ["To show proper venue, plaintiff must show *at the time the case was commenced* that [defendant] was found, or resided in, the Southern District of California. Therefore, [defendant's] *subsequent* waiver of personal jurisdiction has no impact on the Court's analysis." (emphasis in original)]; DSMC, Inc. v. Convera Corp., 273 F.Supp.2d 14, 19 (D.D.C. 2002) ["This language requires an independent inquiry into whether personal jurisdiction was appropriate at the time the plaintiff filed the lawsuit, not as of the time defendant failed to object to jurisdiction."].

The Court therefore engages in the necessary "independent inquiry" as to the existence of personal jurisdiction at the time the action was filed. On this point, plaintiffs contend that Denny Lanser's use of defendant's website to make plaintiffs' hotel reservation gives rise to personal jurisdiction under the constitutionally-maximal reach of Missouri's long-arm statute.

---

[1] See, e.g., Markel American Insurance Company v. Pacific Asian Enterprises, Inc., 2008 WL 2951277, *2 (N.D.Cal. 2008).

Interestingly, both parties cite the same decision of this district, in a case also involving a fall at a Las Vegas hotel. Bell v. Imperial Palace Hotel/Casino, Inc., 200 F.Supp.2d 1082 (E.D.Mo. 2001). In Bell, Magistrate Judge Fleissig found no specific personal jurisdiction, noting that there the plaintiffs had not alleged that they (or any residents of Missouri) had used the defendant's website to enter into agreements for hotel accommodations. Id. at 1088. Nonetheless, Judge Fleissig suggested that the lack of personal jurisdiction did not hinge on the presence or absence of an internet reservation:

> The central reason why plaintiffs fail to establish the necessary minimum contacts for specific jurisdiction, however, is because they have failed to demonstrate that their cause of action has any relation to Imperial Palace's 'contacts' with Missouri. From the record before the Court, the defendant's only contact with Missouri is a website that is accessible to residents in Missouri. The subject matter of plaintiff's suit is a slip and fall accident that occurred on the hotel premises in Las Vegas. That event is entirely unrelated to the defendant's website.

Id. This Court concurs that the alleged negligence of defendant with respect to dangerous conditions of its hotel shower is not sufficiently related to defendant's "contacts" with plaintiffs by the latter's access to defendant's website.

In the case at bar, plaintiffs do allege that they made their hotel reservations via defendant's website. Nonetheless, the Court agrees with Judge Fleissig that such internet activity is clearly distinguishable from the purchase of goods ordered via the internet:

> Hotels, on the other hand, are somewhat unique in the internet context. Neither party anticipates that goods, services, or information of intrinsic value will be transmitted or provided in the forum state as a result of the internet exchange of information. To the contrary, both parties recognize that the internet exchange is simply preliminary to the individual traveling outside the forum state to use the service. In this respect, the exchange of information over the internet is not unlike a toll-free reservations hotline. The purpose of the internet interaction is not achieved until the resident customer leaves the forum state and arrives at the hotel destination.

Id. The Court concludes that the maintenance of the website and plaintiffs' use of the website in Missouri to make reservations does not constitute sufficient contact with Missouri to subject defendant to personal jurisdiction for the alleged tort that subsequently occurred in the Nevada hotel.

Returning to the starting point of the venue analysis, the Court therefore concludes that defendant did not "reside" in this district within the meaning of §1391(c), and that venue does not lie in this district pursuant to §1391(a)(1). Venue is then determined by reference to §1391(a)(2) and so lies in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue for this tort claim thus lies where the Las Vegas hotel is situated, or in the District of Nevada.

Pursuant to 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

5

could have been brought." Defendant has moved for the dismissal of the action, or in the alternative for its transfer to the District of Nevada. In opposing defendant's venue contentions, plaintiffs have not sought transfer in the event the Court determines venue not to lie in this Court. No basis for transfer in the interest of justice has therefore been demonstrated. Accordingly, the motion to dismiss for improper venue will be granted.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for improper venue [Doc. #5-1] is granted, and the motion in the alternative to transfer venue [Doc. #5-2] is denied as moot.


Dated this ___30th___ day of November, 2009.


                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE